# EXHIBIT A

**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**05/13/2025**

    **Summons Issued-Circuit**

    Document ID: 25-SMOS-110, for WILMINGTON SAVINGS FUND SOCIETY FSB PLAINTIFF PRO SE TO FORWARD TO THE PROPER SHERIFF FOR SERVICE. MLM

    **Summons Issued-Circuit**

    Document ID: 25-SMOS-109, for SHELPOINT MORTGAGE SERVICE NEWREZ LLC PLAINTIFF PRO SE TO FORWARD TO THE PROPER SHERIFF FOR SERVICE. MLM

    **Summons Issued-Circuit**

    Document ID: 25-SMOS-108, for MORTGAGE ELECTRONIC SYSTEM MERS PLAINTIFF PRO SE TO FORWARD TO THE PROPER SHERIFF FOR SERVICE. MLM

    **Confid Filing Info Sheet Filed**

    CIRCUIT CIVL COURT PARTY INFORMATION SHEET, FILED. MLM

    **Pet Filed in Circuit Ct**

    PLAINTIFF PRO SE PETITION TO QUIET TITILE AND FOR DECLARATORY JUDGMENT (INEQUITY), FILED. MLM

FILED
MAY 13 2025
CIRCUIT CLERK
ST. CHARLES COUNTY
2511-CC00646
DIV. 2

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

Edna Miller,
Plaintiff,

vs.

Shellpoint Mortgage Servicing (NewRez LLC); \ Wilmington Savings Fund Society, FSB, solely as trustee for Verus Securitization Trust 2020-1; \ Mortgage Electronic Registration Systems, Inc. (MERS); \ John Does 1-10 (Unknown Claimants) \ Defendants.

Case No: _____

## VERIFIED PETITION TO QUIET TITLE AND FOR DECLARATORY JUDGMENT (IN EQUITY)

COMES NOW Plaintiff, **Edna Miller**, by and through her equitable authority and pursuant to Missouri Revised Statutes § 527.150 and the equitable powers of this Court, and respectfully states as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff **Edna Miller** is a natural person and the legal titleholder of the real property located at **425 Savannah Ridge Drive, St. Charles, Missouri 63303**, with a legal description of:

*Lot 26 of Heritage Addition Plat Two, according to the plat thereof recorded in Plat Book 26 Page 29 of the St. Charles County Records.*

2. Plaintiff resides at the above address and maintains her domicile and mailing address at the same.
3. Plaintiff has also executed a quitclaim deed transferring the above-referenced property to **Divine Serenity Ecclesiastical Trust**, a private trust. Said deed has not been recorded with the Recorder of Deeds.
4. Defendant **Shellpoint Mortgage Servicing (NewRez LLC)** is a mortgage servicing entity doing business in Missouri.
5. Defendant **Wilmington Savings Fund Society, FSB**, is a federally chartered savings bank, named solely in its capacity as trustee for **Verus Securitization Trust 2020-1**.

6. Defendant **MERS** is a national electronic registry system that acts as nominee on behalf of lenders and servicers.

7. Defendants **John Does 1-10** are unknown parties claiming an interest in the property.

8. Jurisdiction and venue are proper in this Court pursuant to § 527.150 RSMo and because the property is located in St. Charles County.

## II. FACTUAL BACKGROUND

9. On or about **November 2019**, Plaintiff executed a promissory note and deed of trust with **First Integrity Mortgage Services, Inc.**

10. Upon information and belief, the loan was subsequently sold or securitized into **Verus Securitization Trust 2020-1**, with **Wilmington Savings Fund Society, FSB** acting as trustee, and **Shellpoint** assigned as servicer.

11. There is **no recorded assignment** of the deed of trust to Wilmington or Verus Trust in the St. Charles County Recorder of Deeds.

12. **First Integrity Mortgage Services, Inc.** never recorded a lien, and no other party has filed a legally perfected claim of interest.

13. Plaintiff conducted an SEC search for Verus Securitization Trust 2020-1 and found **no registration, public filing, or evidence of its legal formation** (Exhibit A).

14. A search of the Secretary of State (Division of Corporations) databases revealed **no corporate registration for Verus Securitization Trust 2020-1** in Delaware or Missouri (Exhibit B).

15. The only Verus trust registered in Delaware is **Verus Securitization Trust 2020-NPL1**, a pool for non-performing loans. Defendants have not alleged that Plaintiff's loan was part of that trust. The entity cited in this case, "**Verus Securitization Trust 2020-1,**" does not exist under Delaware law or SEC filing records. Therefore, the claim is defective, unsupported by trust evidence, and must be rejected for lack of standing.

16. Plaintiff served an **Affidavit of Proof of Standing** on Shellpoint, Wilmington, and MERS on **February 25, 2025**, demanding verifiable proof of claim, lawful assignment, and standing (Exhibit C).

17. This exhibit includes a **Certificate of Non-Response and Notice of Default & Estoppel**, executed by **Edna Miller** as Grantor, naming **Divine Serenity Ecclesiastical Trust** as Grantee. The Certificate was served on Shellpoint Mortgage Servicing, Wilmington Savings Fund Society, FSB, and MERS following their failure to lawfully respond to Plaintiff's prior **Affidavit of Proof of Standing**.

**Clarification Regarding Trust Reference:** Although this Certificate was recorded naming **Divine Serenity Ecclesiastical Trust** as the Grantee, Plaintiff **Edna Miller** executed and recorded the

document in her individual capacity. Plaintiff remains the sole titleholder of record for the subject property. This document is submitted as part of the administrative and equity process initiated by Plaintiff personally, not as evidence of trust ownership or transfer. This Certificate supports Plaintiff's assertion that Defendants failed to establish lawful standing or rebut the claims within the required timeframe, resulting in estoppel. (Exhibit D).

18. Shellpoint later sent a packet containing a **copy of a promissory note and mortgage statement dated March 28, 2025**, but failed to produce any endorsement, allonge, or assignment of interest. The note is signed only by Plaintiff and notarized, **with no endorsement by the lender** (Exhibit E).

19. Shellpoint's written response further stated that it is not required to respond to inquiries concerning the origination, underwriting, sale, securitization, or transfer of the mortgage loan, and that it services the mortgage solely based on a private contract with Verus Securitization Trust 2020-1, specifically through an "Assignment, Assumption, and Recognition Agreement," which is not publicly disclosed. This refusal to disclose the basis of its authority and the absence of any publicly recorded assignment or endorsement further supports Plaintiff's position that Defendants lack lawful standing to assert any enforceable interest in the subject property.

20. Plaintiff asserts that **no Defendant has produced lawful evidence of standing or ownership** and that any claim of lien is unsupported, unperfected, and unenforceable in equity.

21. Plaintiff further affirms that she is not in default on the alleged mortgage obligation and continues to make payments in good faith. This action is not intended to avoid a valid debt, but to resolve a material dispute concerning title and standing. Plaintiff seeks to establish clarity of ownership in equity and law and to prevent any party from asserting or enforcing an unlawful or unsupported claim against the subject property.

22. Defendants' reliance on undisclosed private agreements and deliberate concealment of material evidence directly contravenes Missouri statutes (RSMo § 442.400 and RSMo § 443.035) and judicial precedent (Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo. Ct. App. 2009); Bob DeGeorge Associates v. Hawthorn Bank, 377 S.W.3d 592 (Mo. 2012); Bank of America v. Campbell, 2013 WL 1092951 (Mo. Ct. App. 2013)), which uniformly require transparency through publicly recorded assignments and endorsements. Defendants' actions thus circumvent established Missouri law mandating transparency and verifiable property records.

## II-A. LEGAL AUTHORITY FOR LACK OF STANDING

Missouri courts have consistently held that a party seeking to enforce a mortgage must demonstrate lawful standing by proving possession of the promissory note and a proper chain of title. The failure to establish such standing renders any claim to a lien or enforcement rights void.

In **Bellistri v. Ocwen Loan Servicing, LLC**, 284 S.W.3d 619 (Mo. Ct. App. 2009), the court held that MERS could not assign the deed of trust because it did not hold the promissory note. The court concluded that a deed of trust separated from the note it secures is a nullity. This principle applies equally to the present case, where Shellpoint and Wilmington fail to produce a note endorsement or assignment.

In **Augustine v. Bank of America, N.A.**, Case No. 4:11-cv-2251 (E.D. Mo. 2012), the court rejected a motion to dismiss a quiet title action where the plaintiff alleged that the defendant failed to show ownership of the note and mortgage. The court found that such allegations, if true, were sufficient to support a quiet title claim. Plaintiff here makes similar allegations that neither Shellpoint nor Wilmington has produced evidence that they lawfully own or service the note.

In **Byas v. Wells Fargo**, Case No. 4:19-cv-00257 (E.D. Mo. Dec. 2020), the court held that although a borrower may not challenge the internal mechanics of a securitization, the borrower may challenge whether the party seeking to enforce the mortgage holds the note. Plaintiff raises this same issue: the alleged trust (Verus Securitization Trust 2020-1) is unregistered, unverified, and has produced no note or chain of title.

Finally, in **Bank of America, N.A. v. Campbell**, 2013 WL 1092951 (Mo. Ct. App.), the Missouri Court of Appeals reiterated that the party seeking to enforce a mortgage must prove it holds the note. Shellpoint's reliance on a private "Assignment, Assumption, and Recognition Agreement" that is not publicly available does not meet this burden.

These authorities support Plaintiff's position that the burden to prove standing rests with the party claiming an interest. Failure to meet that burden, as is the case here, warrants equitable relief.

## III. CLAIM FOR QUIET TITLE

21. Plaintiff incorporates the above paragraphs by reference.

22. Plaintiff is the lawful and equitable owner of the subject property.
23. None of the Defendants have a valid, perfected, or enforceable interest in the subject property.
24. There is no recorded deed of trust, lien, or assignment in favor of Shellpoint, Wilmington Savings Funds Society, MERS, or Verus Securitization Trust 2020-1.
25. Any claim by Defendants constitutes a **cloud on title** and interferes with Plaintiff's quiet and peaceful ownership.
26. Defendants failed to respond to lawful affidavits demanding verification and have thereby consented by acquiescence and estoppel.
27. Plaintiff seeks a declaratory judgment that all purported interests claimed by Defendants are **void, invalid, and of no force or effect**.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

1. Enter judgment **quieting title** in favor of Plaintiff against all named Defendants;
2. Declare that **none of the Defendants hold any lawful lien, title, or interest** in the subject property;
3. Declare that **any unrecorded or purported mortgage interest is null and void**;
4. Enjoin Defendants from asserting any further claim against the property;
5. Order the judgment be recorded with the St. Charles County Recorder of Deeds;
6. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**Edna Miller**
Pro Se
425 Savannah Ridge Drive
St. Charles, MO 63303

**VERIFICATION**

I, Edna Miller, being first duly sworn, state that I have read the foregoing Petition and that the facts stated therein are true and correct to the best of my knowledge and belief.

Edna Miller

Subscribed and sworn to before me this 13 day of May, 2025.

Subscribed and sworn to before me this 13 day of
May, 2025

State of Missouri
County of St. Charles

(State Seal)

Deputy Clerk
Judicial Circuit Court

x G. ___          X Edna Miller