IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EDNA MILLER,  *Plaintiff,*  v.  SHELLPOINT MORTGAGE SERVICING (NEWREZ, LLC) ET AL.,[1]  *Defendant.* | No. 4:25-cv-00956-JMD |

**MEMORANDUM AND ORDER DENYING MILLER'S MOTION TO REMAND AND GRANTING THE COMPANIES' MOTION TO DISMISS**

Edna Miller brings a quiet title action with respect to her Missouri residence against the three companies that own and service her mortgage loan.  The companies removed the case to federal court and moved to dismiss.  Miller requests remand.  But the Court has jurisdiction following the companies' procedurally proper removal.  And dismissal is appropriate because Miller's arguments that the companies must produce the note to her and must record it have been widely rejected.  The Court denies Miller's motion to remand, ECF 12, and grants the companies' motion to dismiss, ECF 18.

**Background**

Miller executed a loan in 2019 to purchase the 425 Savannah Ridge Drive property in St. Charles, Missouri.  She executed that loan with two companies: defendant Mortgage Electronic Registration Systems and First Integrity Mortgage Services. Verus Securitization

---

[1] In addition to the three companies, Miller lists the following defendants in her amended complaint: John Does 1–10 ("unknown individuals or entities who may claim an interest in the [p]roperty") and Divine Serenity Ecclesiastical Trust, by and through its trustee Edna Williams also known as Edna Miller (an entity "hold[ing] a recorded lien against the [p]roperty by way of an Affidavit of Obligation").  ECF 14 at 2.  These defendants either do not exist or appear to have not been served, so the Court will not further address them.

Trust 2020-1 later allegedly acquired this loan—with defendant Wilmington Savings Fund Society, FSB, acting as trustee. The other defendant is loan servicer Shellpoint Mortgage Servicing (NewRez, LLC). Miller says she is current on her loan payments.

But Miller suggests that any company now holding her loan cannot legally collect. She alleges that "[n]o deed of trust assignment, transfer of note, or recorded lien convey[ed] any interest from [Mortgage Electronic Registration Systems] or [the bank with which she originally executed her loan] to any named [d]efendant." ECF 14 at 2. She sent a debt validation request, and Shellpoint responded that Verus "holds legal title to your loan." *Id.* at 3. Shellpoint "declined to provide original loan documents, a copy of the note, or any recorded assignment." *Id.* Miller asserts that the companies failed to produce any documentation "establishing their legal right to enforce the loan or claim title to the [p]roperty." *Id.*

Miller initially filed her suit in the Circuit Court for St. Charles County. In her amended complaint, she seeks judgment (1) "declaring that [Miller] is the sole legal and equitable owner of the property"; (2) "declaring that no defendant, including Wilmington, Shellpoint, [or Mortgage Electronic Registration Systems], . . . or any unnamed John Doe party holds any valid, enforceable, or recorded interest adverse to [Miller]"; (3) "quieting title in [Miller's] favor, and extinguishing all adverse claims asserted by [the companies]"; (4) "permanently enjoining [the companies] from asserting any claim or lien against the property unless supported by a lawful, recorded instrument"; (5) "ordering this judgment recorded"; and (6) "granting such other relief as the Court deems just and proper in law and equity." *Id*. at 4 (cleaned up).

Shellpoint, Wilmington, and Mortgage Electronic Registration Systems removed the action to federal court on June 27, 2025. The companies noted that, while Miller had served Mortgage Electronic Registration Systems on May 28, 2025, Shellpoint and Wilmington had

"not yet been properly served." ECF 1 at 2. Using a shared attorney, all three companies jointly filed the notice of removal. They added that "[a]ll properly served defendants join in or will join in this removal within thirty days of service." *Id.* at 6. The companies also jointly moved to dismiss. Miller criticized the removal as "procedurally defective," ECF 12 at 2, and asked for remand.

## Analysis

Along with remand, Miller seeks to quiet title in her favor so that the companies lose any enforceable interest in the property. The Court "must resolve questions of jurisdiction before considering the merits of an action." *Dunbar v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 843 (D. Minn. 2012) (citing *Crawford v. F. Hoffman-LaRoche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001)). Just so here. The Court denies Miller's motion to remand and grants the companies' motion to dismiss.

### Miller's Motion to Remand

The companies properly removed this action to federal court. Miller makes four arguments for remand: (1) "No Federal Question Jurisdiction Exists"; (2) "Quiet Title Actions Are Local and Belong in State Court"; (3) "Procedural Defect [as] Unanimity Requirement [Is] Not Satisfied"; and (4) "Attorney's Contradictory Statements About Service Undermine Removal." ECF 12 at 2–4. Each one fails.

First, the companies clearly satisfy diversity jurisdiction. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). It is undisputed here that the property value exceeds $75,000 and that complete diversity exists between Miller and the

3

companies.  The lack of "any federal statute, treaty, or constitutional issue" does not deprive the Court of jurisdiction.  ECF 12 at 2.

Second, federal courts frequently hear quiet title actions.  *See*, *e.g.*, *Boyd v. Pulaski Bank, N.A.*, No. 4:21-cv-01481-SEP, 2022 WL 4598525, at *4 (E.D. Mo. Sept. 29, 2022); *Estate of Byas v. Wells Fargo Home Mortg.*, No. 4:19-cv-257-RWS, 2022 WL 463803, at *5 (E.D. Mo. Feb. 15, 2022).  Miller's demand that the case be "heard in the courts of the state where the land is located" because of the local-action doctrine is misplaced.  ECF 12 at 2.  The United States District Court for the Eastern District *of Missouri* is, in fact, located in the same State as Miller's Missouri property.  And the Supreme Court has repeatedly held that "federal and state courts alike are competent to apply federal and state law."  *McKesson v. Doe*, 592 U.S. 1, 5 (2020).  This contention cannot prevail.

Third, the companies have satisfied the rule of unanimity.  Miller argues that the companies "fail[ed] to include a present tense, Rule 11 certified statement of such consent" to removal.  ECF 12 at 3.  But the removal statement was in the present tense (and also in the future tense), and as even Miller concedes, the companies' joint attorney entered the notice of removal "on behalf of all three defendants."  *Id.*  The companies emphasize that they filed together and are "represented by the same undersigned counsel."  ECF 16 at 4.  The Court is "disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner."  *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (citation omitted).  There is no reasonable dispute that these named defendants all consented to removal.

Finally, the companies waived any service issues by participating in the litigation. "[A] party who appears by an attorney is deemed to have waived any defects in service." *Curry v. Bi-State Development*, No. 4:23-cv-487-CDP, 2023 WL 5019722, at *1 (E.D. Mo. Aug.

7, 2023) (discussing *Knox v. Summers*, 7 U.S. 496, 497 (1806) ("[T]he appearance by attorney cured all irregularity of process.")); *see Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1163 (8th Cir. 1999) (emphasizing that a party "may submit to the jurisdiction of the court by appearance" (citation omitted)). Although Miller argues that alleged service issues deprived Shellpoint and Wilmington of "the legal authority to participate in the removal," ECF 12 at 4, she is simply mistaken. The three companies appeared in this action when they filed the joint notice of removal and the joint motion to dismiss. Their removal was proper, so Miller's motion to remand fails.

## The Companies' Motion to Dismiss

Miller's quiet title action cannot survive the companies' motion to dismiss because it relies on discredited legal theories. Dismissal is appropriate because Miller does not allege "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Missouri courts have repeatedly rejected the promissory note theory she raises. What's more, an unrecorded loan generally remains enforceable between the parties. Miller cannot extinguish the companies' legitimate claims under the mortgage loan.

Miller's claim is "widely disfavored under Missouri law." *McCormies v. PennyMac Loan Servs., LLC*, No. 18-6003-cv-SJ-GAF, 2018 WL 4279224, at *4 n.2 (W.D. Mo. May 31, 2018). She asks the Court to declare that the three companies hold no "valid, enforceable, or recorded interest adverse to [Miller]." ECF 14 at 4. And she does so based on an apparent variation of the theory that only the possessor of an original wet-ink signature promissory note has the power to enforce a loan. That theory "has been uniformly rejected by courts around the country." *Poole v. GMAC Mortg., LLC*, No. 4:11-cv-1849-NAB, 2018 WL 339413, at *3 (E.D. Mo. Jan. 9, 2018) (citation omitted); *see, e.g., Barnes v. Fed. Home Loan Mortg.*

5

*Corp.*, No. 5:12-cv-06062-DGK, 2013 WL 1314200, at *4 (W.D. Mo. Mar. 28, 2013) (describing this theory as "widely discredited"); *Wagner v. U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174, at *2 (D. Minn. Oct. 4, 2024) (collecting cases). Missouri law "contains no requirement" that "the location of the note be disclosed to the borrower after he has executed it." *Barnes*, 2013 WL 1314200, at *4.

It also makes no difference whether the loan is recorded. The companies' loan remains enforceable even if not recorded. Miller seeks to "quiet title against all such claims that are not properly recorded," ECF 14 at 3, but the recording of assignments is permissive, Mo. Rev. Stat. § 443.035 ("Security instruments . . . may be recorded . . . ."). Missouri courts have long recognized that "[t]he record of a deed does not create title." *Hiler v. Cox*, 109 S.W. 679, 682 (Mo. 1908). "As between parties, the deed is good without recording." *Id.* Just so here. Because the decision not to record a loan "does not in any way affect the validity of the deed between the parties," *Sando v. Phillips*, 319 S.W.2d 648, 653 (Mo. 1959), the Court will not quiet title against the companies' interest.

## Conclusion

**IT IS HEREBY ORDERED** that the Court **DENIES** Miller's motion to remand, ECF 12, and **GRANTS** the companies' motion to dismiss, ECF 18. The companies' original motion to dismiss, ECF 9, is **DENIED AS MOOT**.

Dated this 29th day of January, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE